IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frank Terrance Singleton III, | ) | C/A No.: 1:14-1542-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Director Peggy Spivey; Deputy Director Crystal Hodge; Sheriff Jim Matthew; Captain Chris Phillips; and Investigator Justin Dill, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Frank Terrance Singleton III, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is now incarcerated in the South Carolina Department of Corrections ("SCDC") after having pled guilty on March 12, 2014, to several charges resulting in concurrent sentences totaling 50 years.[1] Plaintiff alleges his constitutional rights were violated while he was detained at the Kershaw County Detention Center ("KCDC"). He names as defendants KCDC Director Peggy Spivy and Deputy Director Crystal Hodge, as well as the following

---

[1] *See* Kershaw County Fifth Judicial Circuit Public Index, http://publicindex.sccourts.org/Kershaw/PublicIndex/ (last visited May 28, 2014) (indicating that, subsequent to a guilty plea to the offenses of murder, kidnapping, armed robbery, and burglary, a state court judge imposed concurrent sentences totaling 50 years of imprisonment with credit for time served in pretrial detention beginning on May 17, 2011). A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

1

employees of the Kershaw County Sheriff's Department: Sheriff Jim Matthew; Captain Chris Phillips; and Investigator Justin Dill. [Entry #1 at 1–2].

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff claims that on May 16, 2011, he surrendered to law enforcement on his underlying state charges, and he was detained at the Alvin S. Glenn Detention Center. [Entry #1 at 3]. He complains that his codefendants were housed at KCDC, some in the same "pods," despite an alleged court order directing separate confinement. *Id.* Plaintiff believes this housing arrangement prejudiced his criminal case by allowing his codefendants to collaborate. *Id.* After being transferred to KCDC in December 2011, *id.*, Plaintiff alleges that his legal mail was opened outside of his presence several times, that a "jailor [] routinely scanned outgoing mail as a security precaution," and that his letters were read and photocopied by an investigator without the issuance of a warrant. *Id.* at 3–4. Plaintiff seeks monetary damages and protection from retaliation from law enforcement. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

3

that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     Separate confinement

Plaintiff complains that Spivy and Hodge allowed his codefendants to remain in close proximity to one another, despite a court order directing that they remain separated. *Id*. To the extent that Plaintiff is complaining about his housing placement, there is no constitutional right for a prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)*; Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Further, South Carolina law confers no protected liberty interest upon inmates regarding prison classification or placement. *See Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). Thus, Plaintiff's assertion that he was housed differently than his codefendants does not state a claim of constitutional magnitude.

To the extent Plaintiff claims that his codefendants' detention in close proximity to one another, and separate from him, violated his constitutional rights in his state criminal proceeding, his claim must fail. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)*,* the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner

4

can demonstrate that the conviction or sentence has been previously invalidated.[2] Here, Plaintiff claims that his codefendants' detention in close proximity to one another prejudiced his criminal case because it allowed them to collaborate against him. Therefore, a favorable determination on the merits of Plaintiff's claim related to his codefendants' confinement would question the validity of his convictions, and Plaintiff provides no facts to demonstrate that he has successfully challenged his recent convictions. Because Plaintiff does not demonstrate that his criminal proceedings were terminated in his favor, his claim for damages related to his pretrial detention is subject to summary dismissal.

2. Legal mail claims

Plaintiff claims that KCDC staff opened his legal mail outside his presence. [Entry #1 at 3]. Inmates "have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, to succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349–53 (1996). Further, an inmate must allege specific injury resulting from the alleged denial of court access. *See Lewis*, 518 U.S. at 349; *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that prisoner had a "basic requirement that he show specific harm or

---

[2] The rule in *Heck* does not apply to claims in the pre-conviction context, where criminal charges are still pending. *See Wallace v. Kato*, 549 U.S. 384, 939 (2007). Although Plaintiff's claim arises from conditions during his pre-conviction detention, state records reflect that Plaintiff was convicted on his state criminal charges on March 12, 2014, and he did not file the instant complaint until April 16, 2014.

5

prejudice from the allegedly denied access."). Plaintiff provides no facts to demonstrate that he was prejudiced or impeded in any specific non-frivolous legal action. Thus, Plaintiff's allegations are insufficient to state a cognizable court-access claim. *See Lewis*, 518 U.S. at 351–52 (finding that prisoners must specifically allege facts to demonstrate actual injury to a non-frivolous legal action).

### 3. Outgoing mail claims

Plaintiff also alleges that KCDC staff "routinely scanned outgoing mail as a security precaution." [Entry #1 at 3]. The Fourth Circuit has held that the opening and inspection of an inmate's mail is reasonably related to legitimate penological interests, and therefore, constitutional. *See Altizer v. Deeds*, 191 F.3d 540, 547–48 (4th Cir. 1999). While the inspection of outgoing legal mail may implicate a constitutional right, Plaintiff provides no indication that his scanned letters constituted legal mail. *Id.* at 549 n.14 (citing *Wolff v. McDonell*, 418 U.S. 539, 575 (1974)). Further, as stated above, Plaintiff fails to allege any actual harm or prejudice to any non-frivolous legal action or his ability to communicate with the court or counsel. Thus, any claim associated with the scanning of outgoing legal mail is also subject to summary dismissal. *See Lewis*, 518 U.S. at 351–52. Therefore, Plaintiff's claims against Defendants for scanning his outgoing mail should be summarily dismissed.

### 4. Seizure of mail

Plaintiff claims that a detective "was given permission to read and photocopy" Plaintiff's letters "in pursuit of securing a conviction." [Entry #1 at 3]. A favorable determination on the merits of Plaintiff's unlawful mail seizure claim would question

6

the validity of his imprisonment, and Plaintiff provides no facts to demonstrate that he has successfully challenged his recent convictions. Because Plaintiff does not demonstrate that the criminal proceedings associated with the Defendants' actions terminated in his favor, his claim is barred by *Heck*. 512 U.S. at 487 (holding that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated). Therefore, Plaintiff's claim for damages related to the alleged illegal seizure of his mail is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 29, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).